Williams, J.,
We have examined the paper books in this case with care, but we cannot find in them the facts necessary to an intelligent determination of the questions raised by the assignments of error. The action is brought against the City as the owner of a public wharf on the banks of the Allegheny river, to recover the value of timber and logs swept away by the flood which occurred in February, 1884. No part of the evidence has been laid before us. In the absence of that, we have turned to the history of the case in the plaintiff’s paper book for information. Here we find it stated that the plaintiff was a manufacturer of lumber, with a saw-mill, in the City of Allegheny; that the timber and logs, for which he seeks to recover, were stored above his mill and along the shore below Herr’s Island bridge until they could be sawed; and that the City charged rent or tolls to the plaintiff and other persons for use of the wharf.
Looking at the counter statement, we find that the City denies that the plaintiff was a navigator of the river, asserts that he was a manufacturer of lumber, and was using the space occupied by him below the bridge as a safe and convenient place of storage for the logs that he purchased from time to time for the purpose of stocking his mill; and- that the logs were to remain there till they could be dropped down to the mill for sawing. It will thus be seen that the right of the plaintiff to the benefit of the measure of care due to navigators of the river is not only put in issue, but, upon his own statement of facts, is rendered doubtful. In the absence of the evidence, we have no means of settling this preliminary question. It is not alleged that any part of the timber was brought down the river by him to the wharf where it was stored, but it is asserted by the City that he had collected the timber and logs at this point, as he purchased them from others, that he might have his stock together at a point convenient to his mill. How long it had been there, is left to conjecture; but, as this was an ice flood in February, it is reasonable to sujipose that the timber came down on the fall floods of the previous year and had wintered in the position from which it was carried away. This is not the ordinary use of a wharf by navigators; it would be important to know, therefore, under what arrangement a portion of a public wharf was converted into a stock-yard for a saw-mill, and whether the plaintiff was paying rent for a part of the shore that was surrendered into his possession or paying wharfage for each timber-raft owned by him. The evidence should furnish the information necessary to settle these and similar questions, but, as we have not got it before us, we cannot settle them. If the right of the plaintiff as a navigator was not denied, we might safely turn our attention to the question raised upon the instructions of the learned judge as to the measure of care incumbent on the owner of a public wharf, but it is denied.
If the plaintiff was in a position to complain, we should have no doubt that the court was in error on this subject. The true rule is laid down in City of Allegheny v. Campbell, 107 Pa. 530; same v. Willey, 118 Pa. 490
*111 But if Ms relation to the owner of the wharf was that of a lessee of a portion of it for continued use for purposes of storage, in connection with his business as a manufacturer of lumber, we are not prepared to say that he has any right to complain.
Without the evidence, therefore, we have no means of determining whether the rule laid down by the court, in answering the plaintiff’s points, was right or wrong in its application to the facts of this case, and, for that reason, the judgment is affirmed.
W. W. M.